589 P.2d 453

**Tommy Lee GREEN, Plaintiff-Appellant.**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Defendant-Appellee.**

**No. 2 CA–CIV 2872.**

Court of Appeals of Arizona, Division 2.

Oct. 24, 1978.

Rehearing Denied Nov. 29, 1978.

Review Denied Dec. 19, 1978.

**211**

OPINION

HATHAWAY, Judge.

After exhausting administrative remedies, appellant brought an action in Pima County Superior Court challenging the manner in which the Department of Economic Security (DES) calculated his income to determine the amount of his food stamp subsidy. The trial court upheld the calculation and we affirm.

Appellant is entitled to receive food stamps. To determine the amount of the subsidy, his income is subtracted from a standard of need; the difference, called a budgetary deficit, defines the amount of the subsidy.

Appellant was awarded workmen's compensation benefits. Pursuant to an agreement with his attorney, the attorney receives the check, deducts ¼ of the total amount as his fee for the workmen's compensation action, and sends the balance to appellant. Cf., A.R.S. § 23–1069. DES used the gross amount of the award to calculate appellant's income although he actually receives only ¾ of it.

7 C.F.R. § 271.3(c)(1) defines income as "all income which is received or anticipated to be received during the month . . . (including) payments received as workmen's . . . compensation". 7 C.F.R. § 271.-3(c)(1)(ii) lists an expressly inclusive set of exclusions from income; attorney's fees are not included. 7 C.F.R. § 271.3(c)(1)(iii) lists an expressly inclusive set of deductions from income; attorney's fees are not included. DES Operating Directive 76–F–19, question number 3, March 2, 1976, interpreting the above federal regulations, provides that the gross amount of workmen's compensation benefits is income.

Appellant contends that "income" means gross income less the cost of producing it and that "received" means *actually* received, and to interpret it as DES did is inconsistent with the policy of the Food Stamp Act, 7 U.S.C. § 2011, et seq., (Act), and violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. He also

Davis, Eppstein & Tretschok, P.C. by Patrick R. McNamara and Dale D. Tretschok, Tucson, for plaintiff-appellant.

John A. LaSota, Jr., Atty. Gen. by Barbara E. Fisher, Asst. Atty. Gen., and Harland Carey, Rule 28(e), Certified Third Year Law Student, Tucson, for defendant-appellee.

argues that Operating Directive 76–F–19 is invalid because it was not published in the Federal Register as required under 5 U.S.C. § 552(a)(1).

Appellant cites no authority for interpreting "income" to mean gross income less the cost of producing it. 7 C.F.R. § 271.-3(c)(1)(b) provides that income from self-employment shall be gross income less the cost of producing it. If "income" in every case meant gross income less the cost of producing it, it would be unnecessary to so define it in the specific case of income from self-employment.

*Knebel v. Hein*, 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977), is dispositive of both the policy and the equal protection arguments. In *Knebel*, the food stamp recipient challenged federal and state regulations that treated as income under the Food Stamp Act travel allowances that were fully expended for travel expenses. The District Court ruled that because the travel allowance did not increase the recipient's food purchasing power, the regulations were inconsistent with the statutory objective of feeding the poor and unconstitutionally discriminated against recipients of travel allowances.

The U.S. Supreme Court reversed. It held that the regulations defining income and providing for a limited number of deductions were a rational means of achieving the goals of the Act. The regulations do not violate the policy of the Act or the equal protection clause merely because a more precise measurement of the income actually available for food costs is possible.

Appellant would distinguish *Knebel* on the grounds that the recipient in *Knebel* actually received a travel allowance whereas appellant did not actually receive the amount his attorney deducts, and that *Knebel* involved federal and state regulations that included travel allowances in income and expressly provided for a 10% deduction of travel allowances, whereas this case involves a state operating directive that interprets a federal regulation which does not expressly include the gross amount of the workmen's compensation award.

It is true that the recipient in *Knebel* actually received the travel allowance. But the gist of his argument was the same as appellant's: The travel allowance did not increase his food purchasing power and therefore including the allowance in income distorted the recipient's need for a subsidy. The argument is not more convincing simply because in this case the attorney deducts his fee before appellant actually receives payment, or because the regulation provides for a 10% deduction for travel allowances and no deduction for attorney's fees.

It is true that the federal regulation does not expressly require inclusion of the gross amount of a workmen's compensation award. The federal regulations, however, define income broadly to include all receipts and provide for specific exclusions and deductions. For example, the gross amount of wages is included in income with a deduction provided for taxes. 7 C.F.R. § 271.-3(c)(1)(iii). The state operating directive extended this scheme to workmen's compensation awards. As federal regulations do not permit a deduction for attorney's fees, the operating directive correctly includes the gross amount of the award as income. If the present system results in a hardship upon recipients of workmen's compensation benefits, the argument is best addressed to the U.S. Secretary of the Department of Agriculture.

Lastly, 5 U.S.C. § 552(a)(1), which requires each "agency" to publish its rules in the Federal Register, does not apply to the DES Operating Directive. 5 U.S.C. § 551(1) defines "agency" as "authority of the Government of the United States". DES is an agency of the State of Arizona, not of the Government of the United States.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.