A93A0208. LEDBETTER v. McDOUGALD.
(434 SE2d 763)

SMITH, Judge.

After exhausting her administrative remedies, Gwendol McDougald petitioned the Superior Court of Fulton County pursuant to OCGA § 50-13-19 for review of a final decision of the Commissioner of the Department of Human Resources (DHR) ordering a reduction in McDougald's food stamp benefits. The superior court reversed the administrative decision, and this court granted the DHR Commissioner's application for discretionary appeal.

On January 4, 1991, McDougald received an award of workers' compensation benefits of $106.92 per week effective November 29, 1990. In its award, the State Board of Workers' Compensation determined attorney fees in accordance with OCGA § 34-9-108, and ordered that the employer or its insurer pay 25 percent of the compensation award directly to McDougald's attorney. Pursuant to the Board's order, every fourth benefit payment was disbursed directly to the attorney.

In March 1991, McDougald applied for food stamps and was granted an allotment of $151 per month. Upon review by a caseworker, it was determined that the portion of the workers' compensation award paid to McDougald's attorney should be included in her income for purposes of calculating her food stamp eligibility, and as a result her monthly allotment was reduced to $67. Administrative

hearing officers affirmed this decision, but the superior court reversed on the ground that the attorney fee payment was made pursuant to a court order and thus was excludable from income under applicable federal regulations. We affirm.

The food stamp program, which is designed to raise levels of nutrition among low income households, 7 USC § 2011, is administered jointly by the Food & Nutrition Service of the federal Department of Agriculture and by DHR. Eligibility for the program depends in large part upon the level of a household's income. 7 USC § 2014; 7 CFR § 273.9. While the statute defines "household income" broadly to include "all income from whatever source," a number of exceptions are created by both the enabling statute and the underlying regulations. 7 USC § 2014 (d); 7 CFR § 273.9 (c). The question presented by this appeal is whether the attorney fees awarded by the State Board are included as income, or are excluded from McDougald's income as a "gain or benefit which is not in the form of money payable directly to a household." 7 USC § 2014 (d) (1).

This question is apparently one of first impression. This court is aware of only one prior reported decision on the issue. In *Green v. Ariz. Dept. of Economic Security*, 121 Ariz. 210, 589 P2d 453 (Ariz. Ct. App. 1978), the court held that the portion of workers' compensation benefits diverted to the claimant's attorney should be included as income because attorney fees were not expressly excluded in the applicable statute. This decision, however, was rendered under an earlier version of the food stamp laws, and therefore is of limited guidance in this case. To resolve this appeal, this court must interpret and apply the current legislation and related regulations.

The relevant statute, 7 USC § 2014 (d), is clear: "Household income for purposes of the food stamp program shall include all income from whatever source excluding only (1) any gain or benefit which is not in the form of money payable directly to a household. . . ." The regulations found in 7 CFR § 273.9 (c) elaborate on this provision and provide additional exceptions to and exclusions from the definition of income for food stamp purposes, but do not specifically address the issue raised here.

No provision of 7 CFR § 273.9 (c) applies on its face to sums paid directly to an attorney by order of the State Board of Workers' Compensation. Attorney fees are not a "household expense," 7 CFR § 273.9 (c) (1) (iv), and are not included in those items defined as a "household expense" under 7 CFR § 273.9 (c) (1) (ii) or 7 CFR § 273.9 (c) (5). The award of the Board is not "[w]ages earned by a household member," 7 CFR § 273.9 (c) (1) (iv) (A), but rather "unearned income" or compensation for an injury received in the past. See 7 CFR 273.9 (b) (2) (ii). Finally, 7 CFR § 273.9 (c) (1) (iv) (C), despite McDougald's contention in her brief, refers only to *sup-*

*port* or *alimony* payments made pursuant to court order or legally binding agreement.

Because no exclusion found in 7 CFR § 273.9 (c) applies, we must look to the controlling statute. Under 7 USC § 2014 (d), a gain or benefit that is not in the form of money payable directly to a household is excluded. A payment made from the employer or its insurer directly to an attorney for services previously rendered is not "in the form of money payable directly to a household." Therefore, under the controlling statute, such an attorney fee payment is not income in calculating food stamp benefits.

In the absence of any specific regulatory provision, this court finds that under the enabling statute, 7 USC § 2014 (d), the deduction or payment is not in the form of money payable directly to a household and is therefore not considered household income for purposes of the food stamp program under 7 USC § 2014 (d). Therefore, income for the purposes of the food stamp program should not include a pre-payment deduction of attorney fees from workers' compensation benefits.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 15, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 — 

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, Cynthia H. Frank, Staff Attorney,* for appellant.

*Patricia D. Barron, Nancy Lindbloom, Lisa J. Krisher, Phyllis J. Holmen,* for appellee.